UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ERIC HEIL, et al.                                                                                           PLAINTIFFS

v.                                                                      CIVIL ACTION NO. 3:09CV-797-S

STATE FARM FIRE AND CASUALTY COMPANY                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, State Farm Fire and Casualty Company ("State Farm"), to dismiss the action, or alternatively, to strike the plaintiffs' expert disclosures, as a sanction for repeated violations of the court's discovery orders. DN 27. The plaintiffs do not deny that numerous times they failed to comply with orders of the court. Response Brief, pp. 1-2.

In May of 2006, a wind storm and lightning strike damaged Eric and Kimberly Heil's home in Louisville, Kentucky. The Heils filed a claim for the damage to their home with their homeowners insurance company, State Farm. State Farm apparently paid for damage to the roof and the appliances which had been plugged into electrical outlets. After State Farm refused to pay for additional repairs, the Heils filed this action in the Jefferson County, Kentucky, Circuit Court. State Farm removed the case to this court under our diversity jurisdiction.

The Heils contend that State Farm refused to repair or replace the wiring in the house and, as a result, four separate fires allegedly occurred. The Heils further allege that State Farm has acted in bad faith in dealing with their claims. They allege that it opened separate claims for matters which purportedly all arose from the initial lightning strike. The Heils contend that State Farm opened

these claims in order to establish a basis to cancel the Heils' homeowners coverage.  The Heils also maintain that State Farm was negligent in the hiring and supervision of a fire restoration contractor and other sub-contractors who the Heils contend performed poor work.

The case was removed to this court on October 5, 2009 and the parties commenced discovery.  State Farm's motion recounts the numerous discovery violations which the plaintiffs openly and readily admit.  Plaintiffs' counsel states however, on behalf of the Heils, that (1) counsel is unfamiliar with the procedures of this court, (2) counsel had various personal issues and family obligations which have made it impossible for him to dedicate sufficient time to this case, and (3) counsel is a sole practitioner.  He states that he attempted to find another attorney to replace him, but was unable to secure a commitment from another lawyer.  In the final paragraph of the Response Brief, counsel (terming himself "Affiant," although no affidavit was filed) states:

> Affiant implores this Court not to penalize the Plaintiffs since there has been no fault on their part, and they are two of the nicest people in the world.  Affiant would ask this Court to either allow him to withdraw and provide a reasonable time for a substitute counsel to be found, or to at least allow Affiant to continue on as Counsel pursuant to the terms of the Agreed Order entered herein on January 27, 2011, with no penalty imposed.

Response Brief, p. 2.

First, we note that counsel's *mia culpa* recital provides no justification for the deficient practice in this case.  Second, counsel suggests that the court might permit him to withdraw, yet he also suggests, alternatively, that he be permitted to continue in the case without any ramifications.  There is no proper motion to withdraw from the case presently before the court.  There is no indication that the Heils were sent a copy of the brief, nor that they were apprised of their attorney's suggestion that he be permitted to withdraw.

Additionally, we suggest that counsel familiarize himself with the Kentucky ethics rules and ascertain whether withdrawal from representation is warranted. The court notes that the Heils have been awaiting resolution of their claim since 2009. This matter has been pending in this court since October, 2009, and only now has counsel suggested that he may not be capable of providing adequate representation to his clients. Whether a change in counsel at this point would do more harm than good is a question which must be answered in consultation with the Heils.

With respect to the merits of State Farm's motion, we conclude that dismissal of the action is unwarranted under the circumstances of this case. There have been, admittedly, numerous discovery violations. State Farm has had difficulty in obtaining timely and satisfactory discovery from the Heils. However, what remains outstanding at this time is the Heils' response to requests for production of documents.

The time has long since passed for the production of documents to State Farm. State Farm has moved for amendment of the scheduling order to allow an additional sixty days to file a motion for summary judgment should the court deny dismissal. The court will grant the requested amendment. Further, the Heils will be precluded from using or introducing any document which has not already been produced to date. Additionally, as the Heils' expert witness disclosure consists of a list of names unaccompanied by any reports, the court will grant State Farm's motion to strike the expert disclosure. The court rejects State Farm's claim of prejudice, as the Heils will now be required to stand on the evidence already produced in proving their case, and State Farm will have an extended opportunity to seek summary judgment in the case.

Motion having been made and for the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The motion to dismiss the complaint (DN 27) is **DENIED.**

2. The motion to strike the expert witness disclosure of the plaintiffs, Eric and Kimberly Heil (DN 27), is **GRANTED.**

3. The motion to amend the scheduling order (DN 33) is **GRANTED** to reflect that State Farm shall have sixty (60) days from the date of entry of this order in which to file a motion for summary judgment. Standard response and reply times will apply.

3. The plaintiffs, Eric and Kimberly Heil, are precluded from using or introducing any document which has not already been produced to the defendant, State Farm Fire and Casualty Company.

**IT IS SO ORDERED.**

September 29, 2011

**Charles R. Simpson III, Judge
United States District Court**