UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ERIC AND KIMBERLY HEIL                                                                      PLAINTIFFS

v.                                                                     CIVIL ACTION NO. 3:09-cv-797-S

STATE FARM FIRE AND CASUALTY
COMPANY                                                                                      DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, State Farm Fire and Casualty Company ("Defendant"), for summary judgment (DN 41) on all claims by the plaintiffs, Eric and Kimberly Heil (collectively, "Plaintiffs"). Also before the court is a motion of Plaintiffs to file what is effectively a sur-reply to the reply of Defendant in support of its motion for summary judgment. (DN 51). Because Plaintiffs have provided no basis for requesting leave to file a sur-reply nor tendered a proposed sur-reply, we will deny the motion. As to the motion for summary judgment, the court finds as follows.

This action arose out of a storm that caused damage to Plaintiffs' home, including wind and lightning damage. Plaintiffs had a State Farm Homeowners Policy ("the Policy") with Defendant and sought to have repairs covered under the Policy. While repairs were being completed on Plaintiffs' home, subsequent losses occurred when Plaintiffs' personal property was damaged while being moved and Plaintiffs' home was vandalized. Plaintiffs filed this action, alleging that (1) Defendant's negligence caused much of the repairs to Plaintiffs' home to be defective, (2) Defendant

did not make payments required under the Policy, (3) Defendant committed fraud by opening up multiple claims all related to the original lightning damage, and (4) Defendant acted in bad faith. Defendant now moves for summary judgment on all claims by Plaintiffs.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-28, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *First Nat'l. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968).

The evidence must be construed in a light most favorable to the party opposing the motion. *Id.* at 587; *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). However, once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Lansing*

*Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If the nonmoving party fails to make a significant showing on an essential element of its case on which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

## I. NEGLIGENCE CLAIMS

First, Defendant argues it is entitled to summary judgment on Plaintiffs' claims for negligence. Plaintiffs claim that Defendant "was negligent in its hiring and supervision" of the "fire restoration contractor, causing much of the repairs to the Plaintiffs' home to be defective and causing them considerable monetary damage." (DN 1, Complaint at ¶ 6). Plaintiffs also assert that "Defendant, by and through its authorized agents, was negligent in hiring and supervising other sub-contractors to do work on the Plaintiffs' home, causing the Plaintiffs to suffer additional monetary damages." *Id*. at ¶ 7.

To assert a claim of negligence, a plaintiff must establish that (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached its duty; and (3) the breach proximately caused the plaintiff's injuries and damages. *Mullins v. Comm. Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992). Defendant argues that Plaintiffs cannot establish a negligence claim and thus Defendant is entitled to summary judgment as a matter of law.

First, Defendant argues that it cannot be held liable for any negligence of the independent contractors it hired to perform repairs to Plaintiffs' home, because an entity may not be held vicariously liable for the acts of another who is not an employee of the entity. (DN 41) (citing *Osborne v. Payne*, 31 S.W.3d 911, 915 (Ky. 1992)). Plaintiffs do not dispute that the individuals hired to complete the repairs to their home were independent contractors of Defendant. As Defendant asserts, the general rule is that an employer is not liable for the torts of an independent

contractor in the performance of his job. *Miles Farm Supply v. Ellis*, 878 S.W.2d 803, 804 (Ky. App. 1974). Plaintiffs fail to cite any case law to rebut this argument or establish liability on the part of Defendant for the work of the individuals hired to complete repairs on Plaintiffs' home.

Further, Defendant argues that Plaintiffs have not presented any expert testimony to establish that the repairs made to their home were negligent or deficient. In their response to Defendant's motion for summary judgment, Plaintiffs reference four documents to attempt to establish the negligence of Defendants. Plaintiffs cite to a mold analysis report from Bluegrass Services of Kentucky, a repair estimate from Zimmer and Kohl Contracting Company, and photographs taken by Plaintiffs. However, these items were not attached to Plaintiffs' Response to Defendant's Motion for Summary Judgment, and the court was unable to locate any of them in the record. Plaintiffs did attach an email from an individual with PrimeLending which stated that Plaintiffs' property will not pass an FHA inspection. (DN 49, Attachment 1). The email also included an attachment, a "Statement of Credit Denial, Termination, or Change," which stated that it could not provide credit to Plaintiffs because of "Unacceptable Property," "Unacceptable Appraisal," and information obtained from their credit report. *Id*. While this may show that Plaintiffs' property cannot currently pass an FHA inspection, it does not indicate the reason for such inability, or establish in any way that it was caused by the negligence of Defendant.

Reviewing all the record evidence and pleadings, and taking the evidence in the light most favorable to Plaintiffs, we find that Plaintiffs have not made a sufficient showing to withstand Defendant's motion for summary judgment on Plaintiffs' negligence claims. Defendant's motion will be granted as to those claims.

## II. BREACH OF CONTRACT CLAIMS

Defendant also argues that it is entitled to summary judgment on Plaintiffs' claims for breach of contract, because they are untimely under the express provisions of the Policy issued to Plaintiffs. The Policy states, "**Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage." (DN 43, Exhibit 2, Policy at 14) (emphasis in original).

Under Kentucky law, the statute of limitations on actions for breach of contract is fifteen (15) years pursuant to KRS § 413.090(2). However, Kentucky courts have upheld insurance contracts which limit the time period within which an insured can bring an action against the insurer based on the insurance contract, so long as the limitation is reasonable and not otherwise prohibited by statute. *See Webb v. Kentucky Farm Bur. Ins. Co.*, 577 S.W.2d 17, 18-19 (Ky. App. 1978) (upholding a twelve month limitation period in an insurance contract and holding that "where there is no statute prohibiting the contractual shortening of statutory periods of limitation, ... contractual limitations are valid and not in conflict with statutes prescribing longer periods of limitations"); *Brown v. State Auto.*, 189 F.Supp.2d 665, 668 (W.D. Ky. 2001) (citing *Webb*, 577 S.W.2d at 18); *Robinette v. Venn*, 2004 WL 1909456, *2, 2004 Ky. App. LEXIS 632 (Ky. App. Aug. 27, 2004) (affirming summary judgment ruling based on one-year limitations policy in a "Farmowner Policy" and holding "[the plaintiff's] policy was reasonable, and that Farm Bureau was therefore entitled to judgment as a matter of law as [the plaintiff's] suit was time-barred").

In *Webb*, the Kentucky Court of Appeals held that a one-year limitation on suits for further benefits in a homeowner's insurance policy was reasonable. 577 S.W.2d at 18. The plaintiff's house was destroyed by fire on April 20, 1976 and he sued his homeowner's insurance carrier on

- 5 -

April 27, 1977 to recovery for the loss under his policy. *Id*. The Court upheld the dismissal of the plaintiff's suit, referencing a "solid line of case law in Kentucky that upholds the validity of contractual terms that provide for shorter limitation periods than the general statute of limitations," where the limitation period is reasonable. *Id*. at 19.

In the case at hand, the Policy between Plaintiffs and Defendant also included a one-year limitation on any actions brought against Defendant for further benefits under the contract. According to *Webb*, this one-year limitation is reasonable under Kentucky law. The losses involved in this case include a storm loss that occurred on May 25, 2006, a loss related to the moving of Plaintiffs' property on June 7, 2007, and a loss related to vandalism of Plaintiffs' home on June 26, 2007. This action was filed over two years later, on September 15, 2009. Thus, Defendant argues the one-year limitation provision bars Plaintiffs' breach of contract claims. Plaintiffs offer no conflicting evidence or case law to rebut Defendant's argument. Reviewing the evidence in the light most favorable to Plaintiffs, we find that Defendant's motion for summary judgment on Plaintiffs' breach of contract claims should be granted.

### III. FRAUD

Plaintiffs also allege a claim of fraud against Defendant. Under Kentucky law, to establish a claim of fraud, a party must show that the defendant: (1) made a material misrepresentation, (2) which was false, (3) which was known to be false or made recklessly, (4) which was made with intent to induce action, (5) which the plaintiff acted in reliance upon, and (6) which caused the plaintiff injury. *See Rivermont Inn, Inc. v. Bass Hotels Resorts, Inc.*, 113 S.W.3d 636, 640 (Ky. App. 2003) (citing *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464 (Ky. 1999)).

Plaintiffs assert in the Complaint that:

> the Defendant, by and through its authorized agents, committed fraud against the Plaintiffs by opening up multiple claims for damages that were all related to the original lightening [sic] claim. Defendant then used these multiple claims as justification for canceling the Plaintiffs' homeowners' insurance policy and making them virtually uninsurable by any other independent insurance company.

(DN 1, Complaint at ¶ 8). Plaintiffs do not identify any specific statement made by Defendant which they relied upon to their detriment, nor do they point to any evidence in their Response to Defendant's Motion for Summary Judgment to support their claim of fraud under Kentucky law. Reviewing the evidence in the light most favorable to Plaintiffs, we find that Defendant's motion for summary judgment as to Plaintiffs' claim for fraud should be granted.

## IV. BAD FAITH

Last, Plaintiffs assert a claim of bad faith against Defendant. A claim of bad faith against an insurer under Kentucky law requires that the plaintiff shows: (1) an obligation to pay the claim under the terms of the policy; (2) the lack of a reasonable basis in law or fact for denying the claim; and (3) the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed. *See Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). Defendant argues that Plaintiffs cannot establish any of the three elements required to prove a claim for bad faith and it is entitled to summary judgment as a matter of law.

Defendant argues that because Plaintiffs failed to bring this action within one year from any of the losses Plaintiffs assert, Defendant is not obligated to pay under the terms of the Policy, because of the one-year limitation period discussed above. According to the Supreme Court of Kentucky,

> the gravamen of the [Unfair Claims Settlement and Practices Act] is that an insurance company is required to deal in good faith with a claimant, whether an insured or a third party, with respect to a claim which the insurance company is

> *contractually obligated* to pay. Absent a contractual obligation, there simply is no bad faith cause of action, either by common law or by statute.

*Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) (emphasis in original); *see also Kentucky Nat. Ins. Co. v. Shaffer*, 155 S.W.3d 738, 742 (Ky. App. 2004) ("it is sound principle that, in absence of a contractual obligation in an insurance policy for coverage, there can be no claim for bad faith"). Plaintiffs have not pointed to any provision of the Policy or pointed to any other evidence that establishes Defendant is required to pay a claim under the terms of the Policy.

Plaintiffs appear to argue that Defendant was obligated to pay for the rewiring of Plaintiffs' home after the storm damage, stating in their Complaint that "[a]lthough Defendant agreed to pay for damage to the roof and to the appliances, it refused to repair or replace the wiring in the house." (DN 1, Complaint at ¶ 4). Plaintiffs also state in their Response to Defendant's Motion for Summary Judgment that Defendant's records indicate that on January 15, 2007, Wagner Electric recommended Plaintiffs' entire home be rewired, but that despite this, Defendant "still refused to approve the rewiring of the house" and "Plaintiffs continued to have problems." (DN 49). However, in his deposition, Eric Heil stated that Defendant subsequently did pay to rewire Plaintiffs' home and paid for their living expenses while they were required to be out of the home for the rewiring. (DN 42, Attachment 3, Eric Heil Depo. at 77-83). Plaintiffs seemingly claim then that the delay in Defendant's decision to pay for a full re-wiring of the home was in bad faith. However, Defendant presented evidence showing that it paid for damages caused by the faulty wiring before it determined that the re-wiring of Plaintiffs' home was necessary. Also, Plaintiffs do not support their argument with any evidence to show that Defendant acted in bad faith by delaying the rewiring of Plaintiffs' home. Kentucky courts hold that "errors of judgment are insufficient to constitute bad faith." *Motorists Mut. Inc. Co. v. Glass*, 996 S.W.2d 437, 451 (Ky. 1997).

Further, Plaintiffs assert that Defendant acted in bad faith "by opening up multiple claims for damages that were all related to the original lightning claim. Defendant then used these multiple claims as justification for canceling the Plaintiffs' homeowner's insurance policy and making them virtually uninsurable by any other independent insurance company." (DN 1 at ¶ 8). However, Plaintiffs do not cite to any portion of the Policy which establishes that opening up claims for each loss was prohibited under the Policy. Defendants also presented evidence which showed that Plaintiffs had multiple claims before the losses at issue occurred.

Last, Plaintiffs failed to present any evidence to show that Defendant acted with reckless disregard or an evil motive in its handling of their claims. Reviewing the record evidence and the pleadings in the light most favorable to Plaintiffs, we find that Defendant is also entitled to summary judgment on Plaintiffs' bad faith claims.

For the reasons set forth above, the motion of Defendant for summary judgment will be granted. An order consistent with this opinion will be entered this date.

August 22, 2012

Charles R. Simpson III, Judge
United States District Court